UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COURTLAND J. WRIGHT, ) | CASE NO. 5:15CV704 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| JASON BUNTING, WARDEN, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Respondent. ) | |
| ) | |

This matter is before the undersigned on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Courtland J. Wright ("Petitioner") on April 4, 2015.[1] ECF Dkt. #1.  On June 12, 2015, Respondent Jason Bunting ("Respondent"), Warden of Marion Correctional Institution, located in Marion, Ohio, filed a motion to dismiss the instant case.  ECF Dkt. #7.  Petitioner filed a reply to Respondent's motion to dismiss on July 2, 2015.  ECF Dkt. #8.  No reply was filed by Respondent.  Also on July 2, 2015, Petitioner filed a request for discovery and expansion of the record.  ECF Dkt. #9.  Respondent filed a reply and opposition to Petitioner's request for discovery and expansion of the record on July 15, 2015.  ECF Dkt. #10.  No reply was filed by Petitioner.

For the following reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #7), DENY Petitioner's request for discovery and expansion of the record (ECF Dkt. #9) as moot, and DISMISS Petitioner's habeas petition (ECF Dkt. #1) with prejudice.

## I.     FACTS AND PROCEDURAL HISTORY

On October 27, 2008, following a trial in the Summit County Court of Common Pleas, Petitioner was found guilty of: one count of murder in violation of R.C. § 2903.03(A), with a

---

[1] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court.  *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

firearm specification in violation of R.C. § 2941.145; one count of having weapons while under disability in violation of R.C. § 2923.13(A)(3); and one count of tampering with evidence in violation of R.C. § 2921.12(A)(1). ECF Dkt. #7-1 at 17. On December 31, 2008, Petitioner was sentenced to twenty-one years to life in prison. *Id.* at 45-46.

On February 4, 2009, Petitioner filed a notice of appeal raising the following assignments of error:

> 1. Appellant Courtland Wright was denied his constitutional right to due process and a fair trial by virtue of inflammatory and prejudicial comments by the prosecutor that constituted prosecutorial misconduct in closing argument.
>
> 2. The trial court abused its discretion and erred as a matter of law, in derogation of appellant Wright's constitutional rights to due process and a fair trial, when it applied Ohio Evidence Rule 606(B) to justify its refusal to consider the affidavit of a juror upon motion for a new trial, and in denying Wright's motion for a new trial.
>
> 3. Appellant Wright's convictions for murder and tampering with evidence were against the manifest weight of the evidence.

ECF Dkt. #7-1 at 53. The state filed a brief in response. *Id.* at 85-122. On November 18, 2009, the Ninth District Court of Appeals found an error in Petitioner's post-release control sentence and vacated Petitioner's sentence, remanding the case to the Summit County Court of Common Pleas for resentencing. *Id.* at 123-27. The Summit County Court of Common Pleas resentenced Petitioner to twenty-one years to life in prison. *Id.* at 128-29.

On March 4, 2010, Petitioner, through counsel, filed a notice of appeal in the Ninth District Court of Appeals raising the same three assignments of error listed above. ECF Dkt. #7-1 at 130-60. The state again filed a brief in response. *Id.* at 161-97.

On October 20, 2010, the Ninth District Court of Appeals overruled Petitioner's assignments of error and affirmed the judgment of the Summit County Court of Common Pleas. ECF Dkt. #7-1 at 198-211. On October 28, 2010, Petitioner filed an application for *en banc* consideration in the Ninth District Court of Appeals. *Id.* at 212-14. The state filed a response to Petitioner's application for *en banc* consideration on November 8, 2010. *Id.* at 215-16. The Ninth District Court of Appeals determined that Petitioner's application for *en banc* consideration was not appropriate on April 18, 2014. *Id.* at 217-18. On June 5, 2014, forty-eight

days after the determination by the Ninth District Court of Appeals that Petitioner's application for *en banc* consideration was not appropriate, Petitioner filed a notice of appeal to the Supreme Court of Ohio, accompanied by a motion to allow Plaintiff's delayed appeal, which was outside of the forty-five day window for appeals allowed per the Supreme Court of Ohio's Rules of Practice. *Id.* at 328-51; S. Ct. Prac. R. 7.01(5)(b); Ohio Sup. Ct. R. II § 2(A)(1)(a). The Supreme Court of Ohio denied Petitioner's motion for a delayed appeal on July 23, 2014. *Id.* at 352.

The undersigned notes that during the pendency of Petitioner's appellate actions, Petitioner filed numerous post-judgment motions collaterally to the motions discussed above. The collateral motions are not central to the instant motion to dismiss, and thus will not be discussed at great length herein. On July 27, 2010, Petitioner filed a motion alleging that he was unavoidably prevented from discovering evidence, the state filed a motion to dismiss, and the Summit County Court of Appeals denied Petitioner's motion for lack of jurisdiction. ECF Dkt. #7-1 at 219-22. On September 16, 2010, Petitioner sought an appeal, and the Ninth District Court of Appeals dismissed the appeal based on lack of jurisdiction. *Id.* at 223-27. After the Summit County Court of Common Pleas regained jurisdiction following October 20, 2010 decision of the Ninth District Court of Appeals, the Summit County Court of Common Pleas issued an order denying Petitioner motion for leave to file a motion for a new trial. *Id.* at 228-30. On November 17, 2010, Petitioner filed a notice of appeal to this decision following the denial of the motion for leave to file a motion for a new trial. *Id.* at 231-36. While this appeal was pending, Petitioner filed another motion for leave to file a motion for a new trial on December 13, 2010. *Id.* at 237-42. On January 3, 2011, the Summit County Court of Common Pleas determined that it did not have jurisdiction over the second motion for leave to file a motion for a new trial because an appeal was pending on the same requested relief. *Id.* at 247. On March 9, 2011, the Ninth District Court of Appeals granted Petitioner's motion to voluntarily dismiss his pending appeal. *Id.* at 248.

Petitioner filed an application for reopening regarding his October 27, 2008 Summit County Court of Common Pleas convictions and the October 20, 2010 decision by the Ninth

-3-

District Court of Appeals affirming Petitioner's convictions and sentence. ECF Dkt. #7-1 at 249-64. On February 3, 2011, the Ninth District Court of Appeals denied Petitioner's application to reopen his appeal. *Id.* at 265-66. The record does not indicate that Petitioner made any attempt to appeal this decision to the Supreme Court of Ohio.

On July 14, 2011, Petitioner filed a motion for leave to file a motion for a new trial based on newly discovered evidence. ECF Dkt. #7-1 at 267-71. The state filed a memorandum in response and Petitioner replied. *Id.* at 272-93. The Summit County Court of Common Pleas denied Petitioner's motion for leave for a new trial based on newly discovered evidence on August 9, 2011. *Id.* at 294-99.

On December 27, 2011, Petitioner filed a motion alleging that his sentence was void. ECF Dkt. #7-1 at 300-11. The state filed a memorandum in opposition, and Petitioner filed a reply. *Id.* at 312-20. On January 13, 2012, the Summit County Court of Common Pleas denied Petitioner's motion alleging that his sentence was void. The Summit County Court of Common Pleas then filed a *nunc pro tunc* entry correcting a clerical mistake in the February 3, 2010 journal entry. ECF Dkt. #226-27. Based on the record, Petitioner did not file an appeal to the Supreme Court of Ohio.

## II.    28 U.S.C. § 2254 PETITION

Following the Supreme Court of Ohio's denial of Petitioner's motion for a delayed appeal on July 23, 2014, Petitioner filed the instant petition for a writ of habeas corpus on April 4, 2015. Petitioner's habeas petition raised the following four grounds for relief:

GROUND ONE: Void Sentence.

SUPPORTING FACTS: In January of 2010 I was taken back to Summit County for re-sentencing the court claims that this hearing was Nunc Pro Tunc, but the judge changed my sentence during this hearing merging my weapons under disability with the murder charge and running the tampering with evidence consecutive to such charges. Before my tampering with evidence and having weapons under disability were concurrent to each other and consecutive to the murder charge. The court did not offer me allocution, and neither did the court advise me of my right to appeal again.

GROUND TWO: [blank]

SUPPORTING FACTS: Appellant Wright's conviction for murder and tampering with evidence were against the manifest weight of the evidence.

> GROUND THREE: [blank]
>
> SUPPORTING FACTS: Application for en banc considerations.  My case conflicts with two other cases out of the Ninth District Court of Appeals regarding my tampering with evidence.
>
> GROUND FOUR: [blank]
>
> SUPPORTING FACTS: I was denied my right to a fair trial by virtue of inflammatory and prejudicial comments by the prosecutor that constituted prosecutorial misconduct.  The prosecutor went beyond the evidence presented to the jury, called me a liar throughout closing arguments.  Allowed perjured testimony from state witnesses and coerced state witnesses into giving hearsay testimony. [sic]

ECF Dkt. #1 at 5-10.  Respondent filed a motion to dismiss Petitioner's habeas petition on June 12, 2015.  ECF Dkt. #7.  Petitioner filed a response to Respondent's motion to dismiss on July 2, 2015.  ECF Dkt. #8.  No reply was filed by Respondent.  Also on July 2, 2015, Petitioner filed a request for discovery and expansion of the record.  ECF Dkt. #9.  Respondent filed a reply and opposition to Petitioner's request for discovery and expansion of the record on July 15, 2015. ECF Dkt. #10.  No reply was filed by Petitioner.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).  28 U.S.C. § 2244(d) provides in part that:

> (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>   (B)  the date on which the impediment to filing created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual precedent of the claim or claims presented could have been exercised through the exercise of due diligence.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of

-6-

constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d

264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

> Simply stated, a federal court may review federal claims:
>
>> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

### IV. **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

> A. Decisions of lower federal courts may not be considered.
>
> B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C. The state court decision may be overturned only if:
>
>> 1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
>>
>> 2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or
>>
>> 3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

> 4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
>
> D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey,* 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28

U.S.C. § 2254(e)(1).

## V.     ANALYSIS

### A.     Timeliness of Petition for Write of Habeas Corpus

Respondent first contends that Petitioner's habeas petition was not timely because it was filed outside of the AEDPA's one-year limitation period for habeas petitions brought by individuals challenging their state court convictions.  ECF Dkt. #7 at 9; 28 U.S.C. § 2244(d). Under 28 U.S.C. § 2254(d)(1)(A), the limitations period begins running on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Respondent contends that Petitioner's conviction became final on December 4, 2010, forty-five days after the October 20, 2010 Ninth District Court of Appeals decision affirming Petitioner's sentence and conviction because Petitioner failed to appeal the decision to the Supreme Court of Ohio within the allowed forty-five day period under then current Ohio Sup. Ct. R. II § 2(A)(1)(a) (this Supreme Court of Ohio Rule is now S. Ct. Prac. R. 7.01(A)(1)(a)(i), and the time limit is forty-five days under both versions of the rule).  ECF Dkt. #7 at 10.

Respondent asserts that the one-year AEDPA limitation began running on December 5, 2010, once Petitioner failed to appeal the decision of the Ninth District Court of Appeals to the Supreme Court of Ohio within the allowed forty-five day period.  ECF Dkt. #7 at. 11. Additionally, Respondent contends that Petitioner's collateral motions do not toll the one-year limitation period. *Id.* at 11-12.  Continuing, Respondent states that neither Petitioner's November 17, 2010 appeal of his prior unsuccessful motion for a new trial or his motion for leave to file a motion for a new trial, filed on December 13, 2010, toll the one-year limitation period because these motions were collateral to Petitioner's direct appeal, and, regarding the November 17, 2010 appeal, also because the court determined that it lacked jurisdiction.  *Id.*  For the reasons discussed below, Respondent's arguments that Petitioner's collateral motions do not toll the one-year limitation period are moot because Petitioner's application for *en banc* consideration tolled the one-year limitation period.

-11-

Respondent next argues that Petitioner's application for *en banc* consideration of the decision denying Petitioner his appeal on direct review does not serve to toll the one-year limitation period because the Ninth District Court of Appeals stated that Petitioner's application was not "properly filed" according to a standing order regarding applications for *en banc* consideration. ECF Dkt. #7 at 12. Respondent argues that a motion for reconsideration is not an application of state post-conviction relief recognized as such under the governing state procedures, and that under Ohio law, Petitioner can not seek collateral review of his conviction by attempting to file a motion for reconsideration. ECF Dkt. #7 at 12 (citing *Draughon v. DeWitt*, No. C2-00-798, 2001 WL 840312, at *1 (S.D. Ohio July 11, 2001)). Respondent fails to note that the cited case is dealing with a motion for reconsideration, rather than a motion for *en banc* consideration, as is being dealt with in the instant case. Further, both the old Supreme Court of Ohio Rule of Practice cited by Petitioner, Ohio Sup. Ct. R. II, § 2(A)(6)(a)-(b), and the current Rule of Practice, S. Ct. Prac. R. 7.01(A)(6)(a)-(b), indicate that *en banc* consideration by a court of appeals tolls the time for filing a notice of appeal from the court of appeals entry of judgment.

Here, the Ninth District Court of Appeals rendered its decision on October 20, 2010. ECF Dkt. #7-1 at 198. Petitioner filed his application for *en banc* consideration on October 28, 2010, well within the forty-five day period leading up to the beginning of the running of the AEDPA one-year limitation period. *Id.* at 212. For reasons unknown to the undersigned, the Ninth District Court of Appeals failed to render a decision on Petitioner's application for *en banc* consideration until April 18, 2014. *Id.* at 217. Petitioner appealed to the Supreme Court of Ohio on June 5, 2014 (whether or not this appeal can stave off procedural default is discussed below), and filed the instant habeas petition on April 4, 2015. ECF Dkt. #1. Since Petitioner filed his habeas petition within one year from the date the Ninth District Court of Appeals rendered a decision on his application for *en banc* consideration, and an application for *en banc* consideration tolls the available appeal period to appeal the appellate court's decision, Petitioner timely filed his habeas petition under the AEDPA.

-12-

Respondent also argues that Petitioner's application for *en banc* consideration was frivolous because it asked the Ninth District Court of Appeals to rule on a issue that had already been decided. ECF Dkt. #7 at 12. Respondent only cited a case that involves a frivolous motion for a ruling on a petitioner's supplemental *pro se* brief, not a application for *en banc* consideration (the case does discuss a motion for reconsideration, rather than *en banc* consideration, and does not discuss the motion as being frivolous). *Id.* at 13 (citing *Garner v. Gansheimer*, No. 1:09-CV-00874, 2010 WL 547482, at *5 (N.D. Ohio Feb. 10, 2010)). Further, Respondent fails to show how Petitioner's application for *en banc* consideration was frivolous. Petitioner cited case law and attempted to make legal arguments to support his contention that the ruling in his case conflicted with other rulings made by the same court. Additionally, the Ninth District Court of Appeals did not state that Petitioner's application for *en banc* consideration was frivolous. ECF Dkt. #7-1 at 217-18.

Respondent has failed to prove that Petitioner did not timely file his petition for a writ of habeas corpus. However, for reasons discussed below, Petitioner's claims contained in his habeas petition are procedurally defaulted.

### B.     Procedural Default

Respondent argues that, assuming Petitioner's habeas petition was not time-barred, that Petitioner's claims are procedurally defaulted because he failed to fairly present the claims to the Supreme Court of Ohio. ECF Dkt. #7 at 10; ECF Dkt. #10 at 2. As stated above, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell,* 301 F.Supp.2d at 722. In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning*,

-13-

912 F.2d at 881.

Petitioner failed to timely present his claims to the Supreme Court of Ohio. Petitioner's notice of appeal and motion for delayed appeal were filed forty-eight days after the determination by the Ninth District Court of Appeals that Petitioner's application for *en banc* consideration was not appropriate. ECF Dkt. #7-1 at 328, 330. The notice of appeal and motion for delayed appeal involved Ground Two, Ground Three, and Ground Four contained in the instant habeas petition. *Id.* at 340-51. In his motion for delayed appeal, Petitioner asked the Supreme Court of Ohio to accept his appeal despite the fact that Petitioner did not file his appeal within the allowed appeal period of forty-five days. *Id.* at 331. The Supreme Court of Ohio denied Petitioner's motion for delayed appeal. *Id.* at 352.

Petitioner admits that he did not comply with the forty-five day deadline to submit his appeal to the Supreme Court of Ohio, but states that he did nothing wrong and could not meet the deadline because he was incarcerated. ECF Dkt. #8 at 3. The argument made by Petitioner fails because the procedural rules put in place by the Supreme Court of Ohio certainly recognized that many individuals seeking review would be incarcerated, as is the nature of many criminal appeals, and the procedural rules still imposed a forty-five day window for such individuals to file for review. S. Ct. Prac. R. 7.01(A)(1)(a)(i); Ohio Sup. Ct. R. II § 2(A)(1)(a).

Further, the Supreme Court of Ohio did not make a ruling on Ground Two, Ground Three, or Ground Four, but rather denied Petitioner's motion for a delayed appeal. ECF Dkt. #7-1 at 352. Rather than making a ruling on Petitioner's claims, the Supreme Court of Ohio declined to hear those claims because Petitioner failed to timely appeal the decision of the Ninth District Court of Appeals. *Id.* Accordingly, the Supreme Court of Ohio determined that Petitioner did not comply with a state procedural requirement. Ground Two, Ground Three, and Ground Four of the instant habeas petition have been procedurally defaulted.

Petitioner's only appeal to the Supreme Court of Ohio is the appeal discussed above. That appeal did not contain Ground One of Petitioner's habeas petition. Ground One was never presented to the Supreme Court of Ohio, and the forty-five day period in which Ground One

-14-

could have been properly presented has long expired. Any attempt to present Ground One to the Supreme Court of Ohio would be futile. Accordingly, Petitioner has procedurally defaulted on Ground One.

Petitioner failed to present the claims contained in the instant habeas petition to the highest court in the state of Ohio. Further Petitioner has not shown cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, and does not argue in his habeas petition that he is actually innocent of the crime for which he was convicted. Accordingly, although Petitioner timely filed the instant habeas petition, he has procedurally defaulted on all of his claims. For these reasons, the undersigned recommends that the Court dismiss Petitioner's habeas petition with prejudice.

### C. Request for Discovery and Expansion of the Record

On July 2, 2015, Petitioner filed a request for discovery and expansion of the record. ECF Dkt. #9. Respondent filed a response in opposition on July 15, 2015. ECF Dkt. #10. Since Petitioner had procedurally defaulted on all the claims contained in his habeas petition, his request for discovery and expansion of the record has become moot.

### VI. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #7), DENY Petitioner's request for discovery and expansion of the record (ECF Dkt. #9) as moot, and DISMISS Petitioner's habeas petition (ECF Dkt. #1) with prejudice.


DATE:   October 1, 2015            */s/ George J. Limbert*
                                   GEORGE J. LIMBERT
                                   UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).