UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Courtland J. Wright, | ) | CASE NO. 5:15 CV 704 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Jason Bunting, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Limbert (Doc. 11) recommending denial of petitioner's pending Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and denial of petitioner's request for discovery and expansion of the record (Doc. 9). Petitioner has filed objections to the Report and Recommendation. (Doc. 12). For the reasons stated below, the Report and Recommendation is ACCEPTED, and the petition for writ of habeas corpus is dismissed.

**Background**

Following a jury trial in the Summit County Court of Common Pleas, Petitioner was found guilty on October 27, 2008, of one count of murder with a firearm specification, one count of having weapons while under disability, and one count of tampering with evidence. Petitioner

1

was sentenced on December 31, 2008, to twenty-one years to life in prison.

Petitioner filed a timely notice of appeal to the Ninth District Court of Appeals, raising the following three assignments of error:

> First ground: Appellant Courtland Wright was denied his constitutional right to due process and fair trial by virtue of inflammatory and prejudicial comments by the prosecutor that constituted prosecutorial misconduct in closing argument.
>
> Second ground: The trial court abused its discretion and erred as a matter of law, in derogation of appellant Wright's constitutional rights to due process and a fair trial, when it applied Ohio Evidence Rule 60(B) to justify its refusal to consider the affidavit of a juror upon motion for a new trial, and in denying Wright's motion for a new trial.
>
> Third ground: Appellant Wright's conviction for murder and tampering with evidence were against the manifest weight of the evidence.

The Ninth District found an error in Petitioner's post-release control sentence and vacated his sentence, remanding the case to the Summit County Court of Common Pleas for resentencing. The common pleas court resentenced Petitioner to twenty-one years to life in prison.

Petitioner then filed an appeal on March 4, 2010, to the Ninth District raising the same three assignments of error. The Ninth District overruled Petitioner's assignments of error and affirmed petitioner's conviction and sentence on October 20, 2010. Petitioner filed an application for *en banc* consideration on October 28, 2010. The Ninth District denied the application for *en banc* consideration on April 18, 2014.

On June 5, 2014, forty-eight days after the denial of his application for *en banc* consideration, petitioner filed a notice of appeal to the Ohio Supreme Court. This was outside the forty-five day window for appeals set forth in the Ohio Supreme Court's Rules of Practice, S Ct. Prac. R. 7.01(5)(b); Ohio Sup. Ct. R. II § 2(A)(1)(a), so petitioner filed a motion to allow his delayed appeal along with his notice. The Supreme Court denied petitioner's motion for a

2

delayed appeal on July 23, 2014.[1]

**Standard of Review**

Rule 8(b) of the Ruels Governing Section 2254 Cases in the United States District Court provides that the district court reviews de novo those portions of a report of a magistrate judge to which specific objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.

**Discussion**

Petitioner filed his petition for habeas corpus with this Court on April 4, 2015. He raises four grounds for relief:

> First ground: In January 2010 I was taken back to Summit County for re-sentencing the court claims that this hearing was Nunc Pro Tunc, but the judge changed my sentence during this hearing merging my weapons under disability with the murder charge and running the tampering with evidence consecutive to such charges. Before my tampering with evidence and having weapons under disability were concurrent to each other and consecutive to the murder charge. The court did not offer me allocution, and neither did the court advise me of my right to appeal again.
>
> Second ground: Appellant Wright's conviction for murder and tampering with evidence were against the manifest weight of the evidence.
>
> Third Ground: Application for en banc considerations. My case conflicts with two other cases out of the Ninth District Court of Appeals regarding my tampering with evidence.
>
> Fourth Ground: I was denied my right to a fair trial by virtue of inflammatory and prejudicial comments by the prosecutor that constituted prosecutorial misconduct The prosecutor went beyond the evidence presented to the jury, called me a liar throughout closing arguments. Allowed perjured testimony from state witnesses and coerced state witnesses into giving hearsay testimony.

---

[1] The Court notes that petitioner filed numerous post-judgment motions collaterally to the motions discussed herein, none of which is relevant to the petitioner's habeas petition.

Respondent moved to dismiss petitioner's habeas petition, and petitioner filed a brief in opposition. On July 2, 2015, petitioner filed a request for discovery and expansion of the record, which respondent opposed.

In Magistrate Judge Limbert's Report and Recommendation, he first rejected respondent's argument that petitioner's habeas petition was untimely. Respondent has not objected to this conclusion. The Court agrees with the Magistrate Judge that the petition is timely because petitioner's application for *en banc* review tolled AEDPA's[2] one-year limitation period for filing a habeas petition, and petitioner filed the petition within one year from the date that the Ninth District denied his application.

The Magistrate Judge then concluded that petitioner's claims are all procedurally defaulted. Specifically, petitioner's notice of appeal and motion for delayed appeal involved the second, third, and fourth grounds for relief that petitioner now raises in his habeas petition. The Ohio Supreme Court declined to hear these grounds because petitioner failed to timely appeal the Ninth Circuit's denial of his application for *en banc* review. The Magistrate Judge concluded that petitioner thus failed to comply with a state procedural requirement and these claims are procedurally defaulted as a result. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (explaining that, unless a petitioner can establish cause and prejudice, the procedural default doctrine bars review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement). With respect to the first ground for relief in petitioner's habeas petition, petitioner never presented this ground to the Supreme Court of Ohio. Because

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1).

any attempt that petitioner would make to raise this ground in the Ohio Supreme Court now would be far outside the forty-five day time limit for filing an appeal, the Magistrate Judge found that this claim, too, is defaulted. Finally, the Magistrate Judge found that petitioner did not show cause to excuse his procedural default or actual prejudice to his defense at trial or on appeal.

In his Objection to the Report and Recommendation, Petitioner now argues that his appeal to the Ohio Supreme Court may, in fact, have been on time if he gave it to the prison mail system before the forty-five day time limit expired. He asks this Court to "look into the filing dates of his motions to the Supreme Court of Ohio and then check the postage dates to confirm that the Petitioner was actually on time." (Doc. 12 at 4). In support, he cites *State v. Williamson*, where the Ohio Supreme Court adopted the prisoner's mailbox rule, which holds that a prisoner's filing is timely if he delivers it to the proper prison authorities for forwarding to the court within the applicable time limit. 10 Ohio St. 2d 195 (1967). This is a new argument that petitioner did not raise before the Magistrate Judge. As such, he has waived it. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Moreover, in his Reply to Respondent's Motion to Dismiss, petitioner admitted that his appeal to the Ohio Supreme Court was untimely. (*See* Doc. 8 at 3). Indeed, the fact that petitioner filed a motion for delayed appeal along with his notice of appeal indicates that he was fully aware that his appeal was untimely.

Petitioner does not raise any other arguments as to why his second, third, and fourth

5

claims are not procedurally defaulted. He also raises no objections to the Magistrate Judge's conclusion that his first ground for relief is procedurally defaulted.[3] Thus, for the reasons stated herein and in the Magistrate Judge's Report and Recommendation, petitioner's objection to the Report and Recommendation is overruled.

**Conclusion**

For the reasons stated above, the Report and Recommendation of Magistrate Judge Limbert recommending that the Court grant Respondent's Motion to Dismiss petitioner's Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (Doc. 7), and deny petitioner's request for discovery and expansion of the record (Doc. 9) is accepted. Magistrate Judge Limbert correctly determined that petitioner is not entitled to a writ of *habeas corpus* and that petitioner's request for discovery and expansion of the record is thus moot. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/4/15

---

[3] The bulk of petitioner's objection addresses the merits of his grounds for relief.